# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| TRIVANSKY TYRIQUE SWINGTON, <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY OF WATERLOO, IOWA, BLACK HAWK COUNTY JAIL SHERIFF'S OFFICE, DEPUTY ANTHONY NAI, DEPUTY JULIE LEIN, DEPUTY AARON HAAS, DEPUTY TODD SCHMITT, DEPUTY B. ROLLINS, DEPUTY WYATT LANDERS, DEPUTY ZACHARY HOLBACH and STATE OF IOWA, <br><br> Defendants. | No. C15-0125-LRR <br><br> **ORDER** |

_____

This matter is before the court on the plaintiff's motion for default entry (docket no. 42), motion to appoint counsel (docket no. 43) and motion to amend or alter judgment (docket no. 44). The clerk's office filed those motions on March 2, 2017. The plaintiff misunderstands the law and misstates the facts. Given the record, there is no basis to enter default against any named defendant, appoint counsel or amend or alter the judgment. The court relied on objective evidence and entered judgment in favor of the defendants. The plaintiff is not able to overcome such evidence. *See, e.g.*, *Cullor v. Baldwin*, 830 F.3d 830, 839 (8th Cir. 2016) (determining that defendant was entitled to qualified immunity because he was aware of the shortage of dentists and was attempting to alleviate, or at least mitigate, its consequences); *Saylor v. Nebraska*, 812 F.3d 637, 643-45 (8th Cir. 2016) (concluding that defendants were entitled to qualified immunity because they were aware of plaintiff's medical needs and took steps to meet those needs); *Reid v. Griffin*, 808 F.3d

1191, 1192 (8th Cir. 2015) (agreeing that claims against defendants in their individual capacities were barred by qualified immunity because numerous mental-health professionals evaluated plaintiff); *Mead v. Palmer*, 794 F.3d 932, 936-37 (8th Cir. 2015) (finding that defendants were entitled to qualified immunity because plaintiff failed to prove defendants were deliberately indifferent to a serious medical need); *Triplett v. Palmer*, 592 F. App'x 534, 535 (8th Cir. 2015) (concluding that facts failed to support a claim of deliberate indifference and defendants were entitled to qualified immunity); *Fourte v. Faulkner Cty.*, 746 F.3d 384, 389 (8th Cir. 2014) (determining that doctor and nurse were entitled to qualified immunity); *Risdal v. Nixon*, 589 F. App'x 801, 803 (8th Cir. 2014) (concluding that defendants were entitled to qualified immunity because the force used to restrain plaintiff was objectively reasonable, in light of his highly aggressive and destructive behavior, his relatively minor injuries, and the need to maintain order in the facility). Accordingly, the plaintiff's motion for default entry (docket no. 42), motion to appoint counsel (docket no. 43) and motion to amend or alter judgment (docket no. 44) are denied. Relief, if any, is only available at the appellate level.

**IT IS SO ORDERED**.

**DATED** this 3rd day of March, 2017.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA